OPINION
{¶ 1} Defendant Maurice Jackson appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which determined appellant should be classified as a sexual predator pursuant to R.C. 2950.09. Appellant assigns two errors to the trial court:
 {¶ 2} "The Trial Court's Determination That Mr. Jackson Should Be Classified As A Sexual Predator Pursuant To R.C. 2950 Et Seq., Was Against The Manifest Weight Of The Evidence.
 {¶ 3} "The Trial Court Failed To Consider All Of The Relevant Factors Listed In R.C. 2950.09(B)(3) In Classifying Mr. Jackson As A Sexual Predator."
 {¶ 4} After the State dismissed the pending charge of kidnapping, appellant changed his plea from not guilty by reason of insanity to guilty of one count of rape. The trial court accepted the plea and ordered a sexual classification hearing. Dr. Jaime Lai did a psychological evaluation on appellant to determine the likelihood of appellant committing sexual oriented offenses in the future. Dr. Lai submitted a report, in which Dr. Lai gave her expert opinion appellant was in a high risk category for re-offending. Dr. Lai concluded there is a substantial risk he would engage in more sexually oriented offenses.
 {¶ 5} The trial court also reviewed appellant's prior record, and in particular, appellant's previous conviction for residential entry and battery in Indiana. The trial court reviewed affidavits for probable cause submitted in the Indiana case. The trial court found appellant should be categorized as a sexual predator.
 I {¶ 6} Appellant argues the trial court's decision was against the manifest weight of the evidence.
 {¶ 7} Appellant argues the trial court erred in considering the Indiana conviction as a sexually oriented crime, because his conviction does not indicate this. The trial court reviewed a document entitled "information for battery" signed by the deputy prosecuting attorney for Allen County, Indiana, and two documents entitled "affidavit for probable cause," signed Officer Zack Carter of the Fort Wayne, Indiana Police Department, all of which detailed the underlying actions which led to appellant's conviction in Indiana. The documents indicate appellant lay down next to his victim while she was sleeping on a couch. Appellant put his arm around her and began to feel her lower stomach area while her dress was up around her breast area. Appellant had an erection during the incident. The affidavit concedes the victim did not know if appellant actually made contact with her pelvic or breast areas since she was asleep. At the hearing, the trial court characterized appellant's actions as threatening to the victim. Appellant argues there was no evidence of any threat.
 {¶ 8} Appellant also argues Dr. Lai's psychological report offered no new or credible information for the court.
 {¶ 9} Finally, the trial court considered appellant's actions which resulted in the conviction in this case. The court found appellant had formulated a plan to force himself on the victim. Appellant coerced the victim into giving him a ride to his home, and then made an excuse to stop the car at an abandoned home. Appellant then got the victim out of the car, flung her on the ground, and raped her. The court noted appellant had struck her and physically abused her to the extent she had bruises on her face and body. Appellant then threatened her with retribution and torture, and the court found he showed no remorse.
 {¶ 10} R.C. 2950.09 sets forth factors which the trial court shall consider in making a sexual predator determination:
"(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's or delinquent child's age;
"(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
"(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
"(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender or delinquent child;
"(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 11} At a hearing to determine a sexual offender classification, the State has the burden of demonstrating the appellant is a sexual predator. On reviewing a trial court's classification of an offender, this court applies the standard set forth in C.E. MorrisCompany v. Foley Construction Company (1978), 54 Ohio St.2d 279.
 {¶ 12} Pursuant to Morris, a judgment supported by some competent and credible evidence going to all the essential elements of the case shall not be reversed as being against the manifest weight of the evidence.
 {¶ 13} We have reviewed the record, and we find the trial court properly reviewed relevant evidence before it, and we further find the trial court's judgment is supported by competent and credible evidence going to all the essential elements.
 {¶ 14} The first assignment of error is overruled.
 II {¶ 15} In his second assignment of error, appellant argues the trial court failed to consider all the relevant factors listed in the statute before it classified appellant as a sexual predator.
 {¶ 16} Appellant argues the trial court stated the facts of the case before it were sufficient by themselves to justify a finding of sexual predator. Appellant argues this means the trial court had already made its determination before it reviewed the record. We do not agree.
 {¶ 17} Appellant points us to a relevant factor which the trial court did not mention, namely whether or not appellant had ever completed a sexual offender treatment program. Appellant argues Dr. Lai indicated this sort of treatment can reduce the risk of recidivism for sexually oriented offenders, and the trial court should have considered that if appellant did so in the future, it would make him less likely to re-offend.
 {¶ 18} We find the trial court did not err in finding appellant to be a sexual predator. R.C. 2950.09 does not require a trial court to make a finding on each of the factors, but rather, to consider the factors relevant to the case before it.
 {¶ 19} The second assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.